UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

United States of America,

v.

Thomas Cascio,

   Defendant.

17-CR-81
Decision and Order

---

On March 14, 2018, after a trial that lasted just a few days, the jury convicted Thomas Cascio of bank robbery and bank larceny, defined in successive paragraphs of 18 U.S.C. § 2113(a).[1] Docket Item 79. After the conclusion of the government's case in chief, Cascio had moved for a Rule 29 judgment of acquittal, but the Court denied the motion. Docket Item 72. Cascio then presented his case and, after resting, renewed the motion, which the Court again denied. *Id.* Two weeks after his conviction, Cascio

---

[1] "[Section] 2113. Bank Robbery and Incidental Crimes:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both."

again renewed the motion as to the counts of conviction. Docket Item 81. For the following reasons, his motion is again denied.

## **FACTS**

On March 6, 2017, at around 1:00 p.m., a white male wearing an orange construction vest, goggles, and a hard hat entered KeyBank at 5200 Main Street, Williamsville, New York. Distinct shoulder-length grey hair hung below the hat, and the man held a black folder in his hands. After waiting in line behind other customers, he approached the bank teller, Navjyot Kaur. When he reached the teller window, he opened the folder that he was carrying and pushed forward a note that read "robbery." Kaur testified that the robber told her to "hurry up" and that he didn't "want any funny money." When Kaur looked up at him, the robber put his hand inside his jacket, suggesting that he might be reaching for a gun. Kaur testified that she was concerned for her safety and believed the robber was holding a gun. She handed the man $306, and he proceeded out the door.

At about the same time, an off-duty City of Buffalo police officer happened to be in a supermarket parking lot around the corner when he observed a man matching the bank robber's description get into a green Ford Escape and drive away. As evidenced by surveillance video, that Ford Escape drove south on Main Street towards a Supercuts hair salon on Union Road, three miles from the KeyBank branch. A Supercuts employee testified that a short time later, a man with an orange construction vest walked in, registered as Thomas Cascio, and paid for a haircut under that same name, using a "loyalty points" card issued to him. The man had long, shoulder-length hair but wanted it cut short, and the Supercuts employee obliged him.

The robbery was captured by bank surveillance, and the jury saw both still photos and video of what took place. At trial, Cascio's ex-wife and a very close friend identified him as the robber; other acquaintances identified him as well. Cascio's landlord also identified Cascio, testified about how he had been pursuing Cascio and threatening to evict him for past-due rent, and said that a short time after the bank was robbed, Cascio left him a voicemail saying that Cascio had money to pay toward what was owed.

## **DISCUSSION**

In his post-trial motions, Cascio raises several issues. First, he suggests that the evidence was insufficient to establish the "force, violence or intimidation" essential to bank robbery as charged in Count I. *See* Docket Item 81 at 2-3. Second, he argues that because no contemporaneous eyewitness identified him as the robber, and because the robber's head and face were partially obscured in the video and photos, the evidence that the robber was, in fact, the defendant was insufficient. *Id.* at 3-4. Finally, he asserts that because an essential element of bank larceny is that the defendant intended to rob a bank when the defendant entered the bank, and because "[t]here was no proof that the intent to rob the bank existed at or before the time of entry," the evidence was insufficient on Count 2 as well. *Id.* at 4.

On a Rule 29 motion for acquittal, the defendant bears a heavy burden. The defendant's conviction "must be affirmed if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Cote*, 544 F.3d 88, 98 (2d Cir. 2008) (quotations and alterations omitted). All inferences must be drawn in favor of the government, and the court must view the evidence in the light

most favorable to the government.  *See id.*; *United States v. Puzzo*, 928 F.2d 1356, 1361 (2d Cir. 1991).  The court may not substitute its own view of the evidence for that of the jury, and if both a reasonable doubt and no reasonable doubt are "fairly possible, the court must let the jury decide the matter."  *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (quotations and alterations omitted).

There is little doubt that Cascio has not met his heavy burden here.

First, as an essential element of bank robbery, the defendant must have done or said something that would make an ordinary, reasonable person fear bodily harm.  *See* L. Sand, et al., *Modern Federal Jury Instructions*, Instruction No. 53-5 (defining "intimidating manner").  Here, the robber handed the teller a note with the word "robbery," ordered her to "hurry up," told her not to give him "any funny money," and put his hand in his inside vest pocket in a way that suggested he had a gun.  That actually frightened the bank teller, as it would any ordinary, reasonable person in her position.

The Seventh Circuit considered remarkably similar facts in *United States v. Hill*, 187 F.3d 698 (7th Cir. 1999), and affirmed the defendant's conviction.  In that case, the defendant told the teller to give him all her money and not to give him any funny money; he also told her to hurry up and placed his hand in his pocket as if he had a gun.  *Id.* at 700.  The Seventh Circuit found that evidence sufficient to prove intimidation, *id.* at 702, and this Court agrees.  Other circuit courts agree as well.  *See United States v. Johnston*, 543 F.2d 55, 59 (8th Cir. 1976) (demanding money and putting hand in pocket sufficient to prove intimidation); *United States v. Harris*, 530 F.2d 576, 579 (4th Cir. 1979) (note and hand in pocket sufficient); *see also United States v. Lawrence*, 618

F.2d 986, 987 (2d Cir. 1980) (robbery note and statement "I don't want to see you or anyone else get hurt" sufficient to prove intimidation).

Second, the identification testimony against Cascio was overwhelming.  The jury saw Cascio and could compare his appearance to the appearance of the robber in close-up photos.  While the hat and goggles obscured part of the robber's face, they did not do so in a way that precluded identification.  Indeed, several witnesses—including Cascio's ex-wife and a close friend who appeared to be distressed by having to testify against Cascio—identified him definitively and without hesitation.

And if all that were not enough, immediately after the robbery, surveillance followed a car matching Cascio's vehicle travel from a parking lot adjacent to the bank to a hair salon a few miles away.  At that salon, a man dressed identically to the robber with shoulder-length grey hair had his hair cut short and paid for the haircut using points in the name of Thomas Cascio.  All that was more than enough evidence for the jury to conclude that the bank robber was, in fact, Thomas Cascio.

Finally, Cascio's suggestion that the government failed to prove that he intended to rob the bank before he entered it is equally meritless.  Bank surveillance showed that the robber did not write anything after he entered the bank and before he encountered the teller, and so he must have written the robbery note before he entered.  But even without that surveillance, the jury could conclude that someone who enters a bank, robs it a few moments later, and then immediately drives to get his long hair cut so as to

change his appearance not only intended to rob the bank before he entered it but also had a more detailed plan to escape.

In sum, each of Cascio's arguments as to why the evidence was insufficient to convict him lack merit. His Rule 29 motion therefore is denied.

## **CONCLUSION**

For the reasons stated above, Cascio's motion under Federal Rule of Criminal Procedure 29 is DENIED. Sentencing is scheduled for June 21, 2018, and the remaining sentencing submissions are due no later than June 14, 2018.

SO ORDERED.

Dated:     June 12, 2018
             Buffalo, New York

                                       *s/Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE